IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jamar Lewis, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | No. _____ |
| -vs- | ) | |
| | ) | *(Jury Demand)* |
| Ronald Watts, Phillip Cline, Debra Kirby, Brian Bolton, Darryl Edwards, Robert Gonzalez, Alvin Jones, Frankie Lane, Kallatt Mohammed, Calvin Ridgell, John Rodriguez, Gerome Summers Jr., and Kenneth Young Jr., | ) ) ) ) ) ) ) ) | |
| | ) | |
| *Defendants* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

### I. Parties

2. Plaintiff Jamar Lewis is a resident of the Northern District of Illinois.

3. Defendants Ronald Watts, Brian Bolton, Darryl Edwards, Robert Gonzalez, Alvin Jones, Frankie Lane, Kallatt Mohammed, Calvin Ridgell, John Rodriguez, Gerome Summers Jr., and Kenneth Young Jr. (the "individual officer defendants") were at all relevant times acting under color

of their offices as Chicago police officers. Plaintiff sues the individual officer defendants in their individual capacities.

4. Defendant Philip Cline was at all relevant times Superintendent of the Chicago Police Department. Plaintiff sues Cline in his individual capacity.

5. Defendant Debra Kirby was at all relevant times the Assistant Deputy Superintendent of the Chicago Police Department, acting as head of the Chicago Police Department Internal Affairs Division. Plaintiff sues Kirby in her individual capacity.

## II. Overview

6. Plaintiff Lewis is one of many victims of the criminal enterprise run by convicted felon and former Chicago Police Sergeant Ronald Watts and his tactical team at the Ida B. Wells Homes in the 2000's.

7. As of the date of filing, the Circuit Court of Cook County has vacated the conviction of more than fifty individuals who were framed by the Watts Gang.

8. Many victims of the Watts Gang are currently prosecuting federal lawsuits. Pursuant to an order of the Court's Executive Committee dated July 12, 2018, these cases have been coordinated for pretrial proceedings. On March 12, 2019, the coordinated proceedings were assigned

Master Docket Case No. 19-cv-01717 with the caption *In re: Watts Coordinated Pretrial Proceedings*.

9. The Executive Committee's Order states that additional cases, such as this one, filed with similar claims and the same defendants shall be part of these coordinated pretrial proceedings.

10. The Watts Gang of officers engaged in robbery and extortion, used excessive force, planted evidence, fabricated evidence, and manufactured false charges.

11. Defendants Cline and Kirby were, at all relevant times, high ranking officials within the Chicago Police Department who had the power to stop the Watts Gang's criminal enterprise.

12. As explained below with greater specificity, defendants Cline and Kirby knew about the Watts Gang's criminal enterprise, but they failed to take any action to stop it.

13. Watts Gang officers arrested plaintiff without probable cause, fabricated evidence against him, and framed him for a drug offense for which he was imprisoned for about nineteen months.

14. Based on the powerful evidence that has become known about the Watts Gang's nearly decade-long criminal enterprise, the Circuit Court

of Cook County has vacated plaintiff's conviction and granted him a Certificate of Innocence.

15. Lewis brings this lawsuit to secure a remedy for his illegal incarceration, which was caused by the Watts Gang officers and the failure of defendants Cline and Kirby to stop the Watts Gang.

### III. False Arrest and Illegal Prosecution of Plaintiff

16. On June 28, 2004, the individual officer defendants arrested plaintiff inside an apartment at 527 East Browning, a building in the Ida B. Wells Homes.

17. At the time of plaintiff's arrest:

   a. None of the individual officer defendants had a warrant authorizing the arrest of plaintiff;

   b. None of the individual officer defendants believed that a warrant had been issued authorizing the arrest of plaintiff;

   c. None of the individual officer defendants had observed plaintiff commit any offense; and

   d. None of the individual officer defendants had received information from any source that plaintiff had committed an offense.

18. After arresting plaintiff, the individual officer defendants conspired, confederated, and agreed to fabricate a false story in an attempt

to justify the unlawful arrest, to cover-up their wrongdoing, and to cause plaintiff to be wrongfully detained and prosecuted.

19. The false story fabricated by the individual officer defendants included their false claim that they had seen plaintiff selling drugs in a hallway at 527 East Browning and that plaintiff had thrown a bag of drugs into the trash chute in that hallway.

20. The acts of the individual officer defendants in furtherance of their scheme to frame plaintiff included the following:

    a. One or more of the individual officer defendants prepared police reports containing the false story, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiff's rights;

    b. One or more of the individual officer defendants attested to the false story through the official police reports, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiff's rights;

    c. Defendant Watts formally approved one or more of the official police reports, knowing that the story set out therein was false; and

    d. One or more of the individual officer defendants communicated the false story to prosecutors, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiff's rights.

21. The wrongful acts of the individual officer defendants were performed with knowledge that the acts would cause plaintiff to be wrongfully held in custody and falsely prosecuted for an offense that had never occurred.

22. Plaintiff was charged with a drug offense because of the wrongful acts of the individual officer defendants.

23. At trial, defendants Summers and Ridgell testified falsely in furtherance of the conspiracy.

24. Plaintiff testified truthfully to his innocence, but the court found him guilty on January 6, 2005 and imposed a sentence of five years.

25. Plaintiff was on bond while he awaited trial and was then continuously confined from January 6, 2005 until he was released on parole ("mandatory supervised release") from the Illinois Department of Corrections on August 22, 2006.

26. Plaintiff was deprived of liberty before and after trial because of the above-described wrongful acts.

### IV. Plaintiff's Exoneration

27. Plaintiff challenged his conviction after he learned that federal prosecutors and lawyers for other wrongfully convicted individuals had discovered the Watts Gang's criminal enterprise.

28. On November 16, 2017, the Circuit Court of Cook County granted the State's motion to set aside plaintiff's conviction; immediately thereafter, the Court granted the State's request to *nolle prosequi* the case.

29. On February 18, 2018, the Circuit Court of Cook County granted plaintiff a Certificate of Innocence.

### V. Plaintiff's Arrest and Prosecution Were Part of a Long-Running Pattern Known to Defendants Cline and Kirby

30. Before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, the Chicago Police Department had received numerous civilian complaints that defendant Watts and the Watts Gang were engaging in robbery, extortion, the use of excessive force, planting evidence, fabricating evidence, and manufacturing false charges against persons at the Ida B. Wells Homes.

31. Criminal investigators corroborated these civilian complaints with information they obtained from multiple cooperating witnesses.

32. Before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, defendants Cline and Kirby

knew about the above-described credible allegations of serious wrongdoing by Watts and the Watts Gang and knew that criminal investigators had corroborated these allegations.

33. Defendants Cline and Kirby also knew, before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, that, absent intervention by the Chicago Police Department, Watts and his gang would continue to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges.

34. Defendants Cline and Kirby had the power and the opportunity to prevent Watts and his gang from continuing to engage in the above-described wrongdoing.

35. Defendants Cline and Kirby deliberately chose to turn a blind eye to the pattern of wrongdoing by Watts and his gang.

36. As a direct and proximate result of the deliberate indifference of defendants Cline and Kirby, Watts and his gang continued to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges against persons at the Ida B. Wells Homes, including but not limited to the wrongful arrest, detention, and prosecution of plaintiff, as described above.

**VI.  Claims**

37.  As a result of the foregoing, the defendants caused plaintiff to be deprived of rights secured by the Fourth and Fourteenth Amendments.

38.  Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory and punitive damages be awarded against the defendants, and that the Court award fees and costs against defendants.

> /s/  Joel A. Flaxman
> Joel A. Flaxman
> ARDC No. 6292818
> Kenneth N. Flaxman
> KENNETH N. FLAXMAN P.C.
> 200 S Michigan Ave, Ste 201
> Chicago, IL 60604
> (312) 427-3200
> jaf@kenlaw.com
> *attorneys for plaintiff*